304 F. Supp. 823



THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
**FILED**
OCT 1 0 1969
PATRICIA D. WILL
CLERK

IN RE MULTIDISTRICT PRIVATE CIVIL TREBLE )
DAMAGE ANTITRUST LITIGATION INVOLVING    )   DOCKET NO. 23
WATER METERS                              )

OPINION AND ORDER

BEFORE ALFRED P. MURRAH, CHAIRMAN, AND JOHN MINOR WISDOM*, EDWARD WEINFELD, EDWIN A ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III*, AND STANLEY A. WEIGEL, JUDGES OF THE PANEL

PER CURIAM

On April 21, 1969, counsel for the plaintiffs in the ten cases then pending in the Northern District of California filed a joint motion with the Panel to transfer cases pending in other districts to the Northern District of California for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407.[1/]  On May 1, 1969, an order was entered setting this matter for hearing on May 23, 1969 but prior to the hearing all counsel stipulated to a waiver of the hearing and agreed

---

* Although they were unable to attend the hearing, Judges Wisdom and Lord have, with the consent of all parties represented at the hearing, participated in this decision.

1/ We need not consider whether these plaintiffs have standing to file such a motion since the motion was subsequently joined by the plaintiffs in one of the actions to be transferred and by four of the five defendants. We also note that the hearing was held on the initiative of the Panel rather than on motion of any of the parties.

"that transfer of the cases which are the subject of the foregoing motion to the United States District Court for the Northern District of California pursuant to Section 1407 of the Judicial Code is appropriate." The May 23d hearing order was vacated but the Panel later concluded that a hearing should be held prior to the transfer of any of these cases and an appropriate order was entered and distributed to all counsel.[2] Two new cases were included in the June 26 order[3] and that order was later amended to include two other recently filed actions.[4]

---

[2] The order of June 26, 1969 setting this matter for hearing provided in part:

> After consideration of the stipulation of the parties to the affected actions for transfer without hearing, the Panel finds that it is desirable to hold a plenary hearing on the motion of plaintiffs to transfer the pending actions to the United States District Court for the Northern District of California under Section 1407, Title 28, United States Code, and upon the question of transfer under Section 1407 of said cases to a district or districts other than the Northern District of California. Therefore,
>
> IT IS ORDERED that on July 25, 1969 a hearing shall be held in Denver, Colorado to consider the above motion and to consider the transfer of said cases on the initiative of the Panel to a district or districts other than the Northern District of California. The Panel will also consider at the hearing the transfer of the actions commenced subsequent to the filing of the above motion. . . .

[3] No. 51526, *City of Beverly Hills, et al. v. Rockwell Manufacturing Co., et al.*, Northern District of California and No. 69-1125, *City of Philadelphia, Pennsylvania, et al. v. Neptune Meter Co., et al.*, Eastern District of Pennsylvania

[4] No. 51741, *City of Santa Ana v. Rockwell Manufacturing Co., et al.*, Northern District of California and No. 3932, *City of Seattle v. Rockwell Manufacturing Co., et al.*, Western District of Washington.

- 3 -

All defendants have filed a joint memoranda supporting the transfer of all cases not originally filed therein to the Northern District of California for coordinated or consolidated pretrial proceedings. Counsel representing the plaintiffs and counsel representing the defendants at the hearing in Denver both strongly advocated the transfer of these cases to the Northern District of California under Section 1407. No one has been heard to oppose this transfer.

Although this civil antitrust litigation is not based on any prior government action, either civil or criminal, the cases clearly present substantial common questions of fact for all complaints charge, in substantially identical terms, a combination and conspiracy to (1) fix prices, (2) submit rigged bids, and (3) allocate customers, markets and territories.[5/] The existence of common questions of fact relating to the existence and effect of the alleged conspiracy is conceded by all parties. These critical common questions of fact clearly present a sufficient basis for transfer for consolidated or coordinated pretrial proceedings. See, for example, *In re Antibiotic Drugs*, 295 F. Supp. 1402 (Jud. Pan. Mult. Lit. 1968).

All parties urge the selection of the Northern District of California as the most appropriate transferee forum and

---

[5/] The City of Kansas City, Missouri also charges the defendants with conspiring to control the design of water meters and parts and with conspiring to create and maintain an artificial barrier to the entry of others into this business.

there is substantial support for such a choice. The fact that the majority of these cases (71%) were filed in the Northern District of California is relevant to the selection of that court as the transferee forum. Cf, *In re Protection Devices and Equipment, etc.*, 295 F. Supp. 39 (Jud. Pan. Mult. Lit. 1968). The fact that more discovery has taken place in that district than in any other district is also of importance. *In re Plumbing Fixture Cases*, 295 F. Supp. 33 (Jud. Pan. Mult. Lit. 1968). We are satisfied that convenience of parties and witnesses and the just and efficient conduct of these actions will be best served by the transfer of all cases not filed therein to the Northern District of California.

The parties suggest that these cases be assigned to Judge Albert C. Wollenberg of the Northern District of California who has overseen some of the discovery which has occurred in that district. However, we do not believe that discovery is so far advanced that the assignment of these cases to another judge would result in a waste of judicial energies. Chief Judge Chambers of the Ninth Circuit has assigned Judge George Boldt of the Western District of Washington[6] to the Northern District of California and Chief Judge Harris of that district has consented in writing to the assignment of these cases to Judge Boldt.

---

[6] The two cases filed in the Western District of Washington had previously been assigned to Judge Boldt.

- 5 -

IT IS THEREFORE ORDERED that the cases on the attached Schedule A not already pending therein be and they are hereby transferred to the United States District Court for the Northern District of California and with the consent of that court they are hereby assigned to the Honorable George H. Boldt for coordinated or consolidated pretrial proceedings.

Attachment

## SCHEDULE A

### NORTHERN DISTRICT OF CALIFORNIA

1. City of San Diego, etc. v. Rockwell Manufacturing Co., et al. — Civil Action No. 50190

2. City of Phoenix, Arizona v. Rockwell Manufacturing Co., et al. — Civil Action No. 50191

3. City and County of San Francisco, etc. v. Neptune Meter Co., et al. — Civil Action No. 50192

4. Department of Water and Power of the City of Los Angeles v. Rockwell Manufacturing Co., et al. — Civil Action No. 50947

5. City of Burbank, et al. v. Rockwell Manufacturing Co., et al. — Civil Action No. 50949

6. City of Tucson v. Rockwell Manufacturing Co., et al. — Civil Action No. 50249

7. Marin Municipal Water District v. Rockwell Manufacturing Co., et al. — Civil Action No. 50284

8. City of Portland, Oregon v. Rockwell Manufacturing Co., et al. — Civil Action No. 50339

9. East Bay Municipal Utility District v. Rockwell Manufacturing Co., et al. — Civil Action No. 50613

10. City of Pasadena, et al. v. Rockwell Manufacturing Co., et al. — Civil Action No. 51131

11. City of Beverly Hills, et al. v. Rockwell Manufacturing Co., et al. — Civil Action No. 51526

11a. City of Santa Ana v. Rockwell Manufacturing Co., et al. — Civil Action No. 51741

### WESTERN DISTRICT OF WASHINGTON

12. Alderwood Water District v. Rockwell Manufacturing Co., et al. — Civil Action No. 3912

12a. City of Seattle v. Rockwell Manufacturing Co., et al. — Civil Action No. 3932

### WESTERN DISTRICT OF MISSOURI

13. Kansas City, Missouri v. Neptune Meter Co., et al.  
    Civil Action No. 17339-2

### CENTRAL DISTRICT OF CALIFORNIA

14. City of Orange, et al. v. Rockwell Manufacturing Co., et al.  
    Civil Action No. 69-702-FW

### EASTERN DISTRICT OF PENNSYLVANIA

15. City of Philadelphia, Pa., et al. v. Neptune Meter Co., et al.  
    Civil Action No. 67-1125